UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO: |
| | ) | 4:25-CR-0093-2- RSB-CLR |
| STACEY DAWN KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STACEY D. KELLEY'S MOTION FOR CONTINUED APPOINTMENT OF LEARNED COUNSEL**

STACEY DAWN KELLEY, Defendant herein, files this her Motion for Continued Appointment of Learned Counsel and shows this Court the following:

1. **Procedural History.**

Ms. Kelley and her husband were indicted on August 6, 2025 and charged with three counts of murder of their infant daughter, Vyolet. Doc # 3. Count one charges the Kelleys with murder with malice aforethought in the perpetration of child abuse by depriving Vyolet of adequate nourishment and medical care in violation of 18 U.S.C. §§ 1111, 7 and 2. *Id*. Count two charges the Kelleys with murder with malice aforethought by depriving Vyolet of adequate nourishment and medical care in violation of 18 U.S.C. §§ 1111, 7, 2, and 3559(f). *Id*. at p. 2. Count three charges the Kelleys with murder in the second degree under the assimilated crimes statute alleging that by criminal negligence the Kelleys caused Vyolet excessive physical and mental pain by depriving her of adequate nourishment and

1

medical care in violation of 18 U.S.C. §§ 13, 7, 2 and O.C.G.A. § 16-5-1(d) and 16-5-70(c). *Id*. at p. 3.

Following a detention hearing Mrs. Kelley was ordered released on conditions, doc # 47, which was stayed pending review by the district court. Doc # 48. The district court denied the government motion to revoke the Order setting conditions of release and Mrs. Kelley was released from custody. Doc # 73.

Count one carries a potential sentence of death, doc # 4, and so, this Court appointed Learned Counsel, Carey Haughwout under 18 U.S.C. § 3005, which require the appointment of counsel "learned in the law applicable to capital cases." Doc # 67.

The government notified the Court and the parties that it would not seek the death penalty in this matter. Doc # 91.

Mrs. Kelley requests this Court continue the appointment of Ms. Haughwout as co-counsel in this complex case where she faces the potential of life in prison. Doc # 4 (a conviction for count one carries a sentence of not less than life and count two carries a protentional sentence of life imprisonment).

2. **Statement of Facts.**

The facts surrounding the death of Vyolet are complex. Vyolet was born on October 2, 2024, 4 weeks premature at the Mayo Clinic in Wisconsin, and weighed just over 3 pounds. Doc # 62, Ex. 6, p. 2. After spending two weeks in the special

care nursery, Vyolet was released upon reaching 4 pounds. Doc # 62, p. 27:4-6, Ex. 6, p. 2 (the date of admission and discharge is noted in the top right-hand portion of the record).

Brandon Kelly, Mrs. Kelley's husband, had just re-enlisted in the U.S. Army, and had to report for duty at Ft. Stewart.  Doc # 62, p. 48:4-5.

On November 22, 2024 Mrs. Kelley took Vyolet to the emergency room at Winn Army Hospital because of concerns for Vyolet's health. Doc # 62, p. 55:13-25 – p. 56:1-20. Tragically, Vyolet passed away several hours later. Doc # 62, p. 30:8-15.

Ms. Haughwout is an experienced death penalty lawyer but, more importantly she has extensive experience in child abuse murder cases. She spent substantial time reviewing records and has met with Mrs. Kelley. Importantly, they have engaged in sensitive conversations about the most personal of facts.

The Declaration of attorney Thomas A. Withers in support of this Motion is being filed *ex parte* under seal as attached Exhibit A.

3. **Argument and Citation of Authority.**

   a. **The Complexity of this Case Counsels in Favor of a Second Appointed Lawyer.**

When following the appointment of Learned Counsel, the government decides not to seek the death penalty, this Court is tasked with considering the question of retaining Learned Counsel and the rate of compensation needed for the duration of

3

the case. See, The Criminal Justice Act Guidelines ("CJA Guidelines"), Guide to Judiciary Policy, Vol. 7A, Ch. 6, § 630.30.10.

The CJA Guidelines provide for the continuation of additional counsel in extenuating circumstances. *Id*. at § 630.30.20. In determining whether there are extenuating circumstances, the court considers the following factors:

1) The need to avoid disruption of the proceedings;

2) Whether the decision not to seek the death penalty occurred late in the litigation;

3) Whether the case is unusually complex; and

4) Any other factors that would interfere with the need to ensure effective representation of the defendant.

*Id*.

Applying these factors to Mrs. Kelley's case, the "proceedings" at this point have entailed extensive pretrial investigation. Removing Ms. Haughwout would disrupt the proceedings as she has already done substantial work. See Exhibit A, ¶ 5. Termination of the appointment of Ms. Haughwout will also lead to an increase in the work for primary counsel, leading to delay in the case. See, *United States v. Jones*, 2008 WL 2967028, *4 (D.N.J. July 31, 2008)("Termination of the appointment of the learned counsel will increase the work for the primary counsel, which in turn will delay and disrupt he proceedings"). Additionally, Ms.

Haughwout's experience handling murder cases involving the death of a child, would be invaluable in keeping the proceedings on track.

To the credit of the Government, the decision not to seek the death penalty did not occur late in the litigation. However, the case is unusually complex given the substantial medical issues that will predominate at trial. The Declaration of Mr. Withers attached as Exhibit A expands upon those issues for the Court.

This Court should also consider that Ms. Haughwout has established a level of trust with Mrs. Kelley that is vitally important in the conduct of the defense of this case. Removing Ms. Haughwout from representation would damage the continuity of representation.

### b. This Court Should Exercise its Discretion to Continue the Appointment of Learned Counsel at Standard CJA Rates.

While the Eleventh Circuit has held that when the government decides not to seek the death penalty, a defendant is no longer statutorily entitled to a second court-appointed counsel who is learned in capital cases, *United States v. Grimes,* 142 F.3d 1342, 1347 (11th Cir.1998), a district court maintains the discretion to continue the appointment of Learned Counsel. *United States v. Ledbetter*, 107 F.Supp.3d 849 (S.D. Ohio 2015) (finding that extenuating circumstances existed for the continued appointment of Learned Counsel for nine defendants). Accord, *United States v. Coles*, 474 F.Supp.3d 661, 665 (M.D. Pa. 2020), *United States v. Jones*, 2008 WL 2967028, *3 (D.N.J. July 31, 2008).

Given the complex medical and factual issues present in this case, this Court should exercise its discretion to continue the appointment of Ms. Haughwout as counsel of record at standard CJA rates.

Respectfully submitted, this the 14th day of November, 2025.

                                               WITHERS LAW FIRM PC

                                               ***/s/Thomas A. Withers, Esq.***
                                               Thomas A. Withers, Esq.
8 East Liberty St.                       Georgia Bar No:  772250
Savannah, GA 31401
(912) 447-8400
TWithers@witherslawfirmpc.com

                                               CAREY HAUGHWOUT, ESQ.

                                               ***/s/ Carey Haughwout***
                                               Carey Haughwout
                                               Florida Bar No:  375675

400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL  33401
Telephone: 561.725.4026
E-Filing:  CareySHaughwout@gmail.com

                          Attorneys for Defendant Stacey D. Kelley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO: |
| | ) | 4:25-CR-0093-2- RSB-CLR |
| STACEY DAWN KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 14th day of  November , 2025.

　　　　　　　　　　　　　　　　　　　　*/s/ Thomas A. Withers, Esq.*
　　　　　　　　　　　　　　　　　　　　Thomas A. Withers, Esq.
　　　　　　　　　　　　　　　　　　　　Georgia Bar Number: 772250
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Stacey D. Kelley

WITHERS LAW FIRM PC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@witherslawfirmpc.com

7