UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 4:25-CR-93 |
| ) | |
| BRANDON MITCHELL KELLEY and ) | |
| STACEY DAWN KELLEY ) | |

**JOINT MOTION FOR COMPLEX CASE DETERMINATION AND ISSUANCE OF AMENDED SCHEDULING ORDER**

The parties jointly move the Court to (1) issue an amended scheduling order that (a) extends the filing deadline for submissions currently due on December 11, 2025,[1] for ninety days to March 11, 2026, and (b) effects a corresponding shift of all subsequent deadlines and (2) declare the case complex under 18 U.S.C. § 3161(h)(7)(B)(ii) such that the speedy trial clock is tolled and the delay interposed by the continuance is excluded.

In support of this motion, the Parties submit the following: On August 6, 2025, a federal grand jury indicted the Defendants on three murder charges, each of which sets out a distinct theory of criminal liability relating to the death of the Defendants' infant daughter. ECF No. 3. Over the next two weeks, the Court appointed counsel and conducted initial appearances, arraignments, and detention hearings. *See generally* ECF Nos. 9–77. The issue of detention was thoroughly litigated by all parties with extensive evidence and argument that afforded the Court an in-depth view of the factual and legal complexities at issue in the case. *Id.* Because at the time

---

[1] *See* ECF No. 105, Second Amended Scheduling Order.

1

of these early proceedings the Government had not yet disclaimed an intent to seek the death penalty, the Court treated the case as capital and appointed learned counsel as a matter of statutory right under 18 U.S.C. § 3005. ECF Nos. 39, 40. Once the Government announced its intent not to seek the death penalty, ECF No. 91, the Defendants moved the Court to continue discretionarily learned counsels' appointment in light of the unique demands and complexities of the case. ECF Nos. 93, 97. After receiving detailed submissions from the Defendants justifying the continued appointments, and no objection from the Government, the Court granted the motions. *See generally* ECF Nos. 93–106.

Under the Federal Rules of Criminal Procedure, the Court may continue deadlines for good cause. Fed. R. Crim. P. 45(b)(1). Under the Speedy Trial Act of 1974, certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). These include "[a]ny period of delay resulting from a continuance granted [because] the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors that the Court shall consider in determining whether to grant an ends-of-justice continuance is

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(A)(ii).

The parties submit that the case is complex within the meaning of this statutory provision for reasons made known to the Court through the various filings, hearings, and evidentiary submissions referenced above. These reasons include, but are not limited to, the several alternative theories of criminal liability alleged in the indictment, the fact that the offenses are alleged to have been committed over a period of time rather than on a single discrete date, the involvement of at least three different medical institutions in two different states, the concomitant involvement of perhaps dozens of individual medical providers, the concomitantly broad array of expert witnesses that all parties expect to involve in their trial preparation and presentation, the involvement of at least three different investigative agencies (the United States Army Criminal Investigation Division, the Georgia Bureau of Investigation, and the Georgia Department of Human Services Division of Family and Children Services), the extensive grand jury investigation preceding the indictment, and the voluminous discovery that exists as a result of all of the features of the case enumerated in this paragraph.

For these reasons, and perhaps for other reasons not mentioned in this submission but nevertheless known to the Court from the proceedings to date, the parties submit that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]," *id.*, and the case is therefore complex within the meaning of the Speedy Trial Act.

Because of this complexity, the parties submit that additional time is needed to prepare the filings currently due on December 11, 2025, that under Fed. R. Crim. P. 45(b)(1) good cause exists for a continuance, and that a continuance is necessary to serve the ends of justice.

Accordingly, the parties jointly move the Court to grant the relief requested in the opening paragraph of this motion.

This 4th day of December 2025.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Timothy P. Dean*
Timothy P. Dean
Assistant United States Attorney

*/s/ Michael Aaron Schwartz*
Michael Aaron Schwartz
Counsel for Brandon Kelley

*/s/ Thomas A. Withers*
Thomas A. Withers
Counsel for Stacey Kelley